FINAL REPORT[1]

*Adoption of New Pa.R.Crim.P. 576.1*
*Amendment of Pa.Rs.Crim.P. 113, 114, and 576*

ELECTRONIC FILING

On January 25, 2018, effective May 1, 2018, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted new Rule 576.1 (Electronic Filing and Service of Legal Papers) and the amendment of Rules 113 (Criminal Case File and Docket Entries), 114 (Orders and Court Notices; Service; and Docket Entries), and 576 (Filing and Service by Parties) to provide procedures for the use of the statewide electronic filing system as a local option.

The Committee has been working on procedures for electronic filing for several years.  This began in 2012 when representatives of the First Judicial District (FJD) approached the Committee requesting rule changes that would require the electronic filing of pleadings in criminal cases as a local option. This was part of an initiative to implement an electronic filing system in criminal cases similar to the electronic filing system already in place in Philadelphia for civil and orphans' court cases.

While the Committee believed that the goal of implementing electronic filing was a good one, the Committee had a number of concerns with the specifics of such a proposal that would have made a statewide rule change problematic.  The Committee concluded that the best approach was to seek the Court's permission for the FJD to conduct a pilot project during which the electronic filing system could be implemented on a trial basis.  The parameters of this experimental electronic filing system would be spelled out in a local rule.   In February 2013, upon the Committee's recommendation, the Court issued an Order permitting the Criminal Section of the Trial Division of the

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules.  Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

First Judicial District to implement a pilot project for the electronic filing of documents by the parties.

One of the Committee's goals for the pilot project was to obtain information as to whether statewide rule changes should be made to accommodate those judicial districts that may wish to implement electronic filing programs. In late 2014, after reviewing data indicating the success of the FJD pilot project and the interest in electronic filing in other judicial districts throughout the Commonwealth, the Committee concluded that it was appropriate to develop statewide rule changes to accommodate this practice.

While working to develop these statewide procedures in cooperation with the Administrative Office of the Pennsylvania Courts Information Technology Department ("AOPC IT"), it was learned that AOPC was working on a statewide electronic filing system for criminal and juvenile cases based on the electronic filing system used in the Appellate Courts, the PACFile system. It was therefore decided that the electronic filing rules should be based on this statewide system rather than on any locally developed systems.

**New Rule 576.1**

The main provisions for electronic filing are contained in new Criminal Rule 576.1. The basic statement of authority for establishing local e-fling is contained in paragraph (A). Paragraph (B) lists the contents of the local rule required to establish electronic filing locally. Paragraph (C) is a definitional section. Paragraph (D) provides the procedures for establishing participation in the system. Paragraph (E) discusses the filing and receipt of documents. Paragraph (F) contains provisions regarding electronic signatures. Paragraph (G) permits, with some exceptions, paperless files. Paragraph (H) contains service provisions.

Paragraph (A) of new Rule 576.1 provides the general scope of the procedures. The Committee agreed that electronic filing should not be required in every judicial district but rather available as a local option. Therefore, the rule provides that a judicial district's use of electronic filing is voluntary. The Committee also concluded that those judicial districts that wish to participate in electronic filing should be required to create a

local rule permitting electronic filing within the judicial district as was done in the Philadelphia pilot project. This latter provision will permit the Committee to retain some oversight of the process by the local rule review process contained in Rule of Judicial Administration 103 and Criminal Rule 105. The rule also mandates the PACFile system as the only system that is permitted to be used for electronic filing. This is consistent with uniformity of practice and judicial economy.[2] Additionally, any judicial district desiring to "opt-into" electronic filing must consult with AOPC and agree upon an implementation plan to ensure that AOPC resources are not overtaxed should a large number of judicial districts decide to opt-in at one time.

One of the issues debated at length by the Committee was the question of whether the statewide rules should provide that use of the system was strictly voluntary or should permit a local court to make it mandatory if desired. Ultimately, the Committee agreed to a provision that would provide that a judicial district that opts into electronic filing must initially allow it on a voluntary basis only. After two years from the date of opting into electronic filing, the judicial district would have the option to make it mandatory. Allowing a time period during which it was voluntary with a judicial district-based sunset provision when it could become mandatory would put all practitioners on notice that the change would be upcoming. This coupled with provisions that allow filing by those who were unable to be part of the system, such as *pro se* defendants without computer access, provides sufficient protection in those counties that opted to make it mandatory. This provision is contained in paragraph (B)(2) and language expanding on this concept has been added to the *Comment,* including a statement that electronic filing should not deny access to court filing.

---

[2] The PACFile system will include Philadelphia Municipal Court non-summary and summary cases. Therefore, cases in the Municipal Court are included under paragraph (A). Electronic filing capabilities for magisterial district judge offices currently are not intended to be part of the extension of the PACFile system but may be incorporated into the Magisterial District Judge System at a later date.

**Legal Papers**

Paragraph (C) of Rule 576.1 contains definitions of various terms used in the rule. One of these is a definition of "original document" that includes the electronically filed version of the document as the original. However, the definition makes it clear that electronic copies of exhibits would not be considered originals. This is consistent with Rule of Evidence 1002 (Requirement of the Original).

Also included in paragraph (C) is a definition of "legal paper" that broadly defines the types of documents that may be filed electronically. The Committee discussed how to handle those documents that are physically filed because the party does not have the ability or willingness to file electronically even though the documents are permitted to be filed electronically and other parties to the case may have agreed to electronic filing. Using a practice similar to that used in the Philadelphia pilot project, the rule provides that such physical documents must be accepted and then scanned into the system by the Clerk of Courts Office staff. Even after uploading these converted documents into the system, the physical documents would be retained. These provisions are contained in paragraph (E)(10).

The definition of "legal paper" also lists the types of documents that are excluded from electronic filing. If a document is excluded from being filed electronically, it has to be physically filed and the physical document maintained in the case file. While the new rule does contemplate that most legal papers that are filed in a physical paper format may be scanned into the system for the convenience of the user, those documents excluded from the definition of legal papers may not be scanned into the system.

**Participation**

Paragraph (D) describes how individual participation in electronic filing is initiated. Participation requires that a user establish an account in the PACFile system. The establishment of an account constitutes consent to participate in electronic filing including receipt of service of filed documents. This is a blanket consent for all cases in which that party was participating, including cases in any jurisdiction in which electronic filing is permitted. For *pro se* defendants, there is a requirement for an authorization

process based on a similar provision contained in the Court Order for electronic filing in the appellate courts.

There was a question of whether the rules should allow participation that can be initiated for an office, such as the district attorney's office or public defender, as a whole. The concern was that there may be turn-over or reassignment and, if only the individual attorney was listed on the case, it could fall through the cracks. It was noted that the PACFile system currently permits in appellate cases filing by a named office with specific individuals associated with the office listed as the main filer as well as others being able to be listed as proxies. The Committee concluded that this capability should be utilized in trial court cases, especially since it permits an office to have multiple proxies listed who all would receive notice of a filing and could serve as back-up. However, the Committee concluded that this was more of an administrative matter rather than a rule provision so a reference to this capability is included in the *Comment* to Rule 576.1.

While the rules generally provide that participation in electronic filing is voluntary (expect in those counties that choose to make it mandatory), the Committee discussed whether a party who has agreed to participate in electronic filing should be permitted to file legal papers in a physical paper format. The Committee concluded that this should be permitted since this is a new practice and a filing should not be refused solely because it is not done electronically. However, any party that agrees to participate in electronic filing must accept service electronically. Paragraph (D)(3) therefore includes a statement regarding participation that permits a participating party to file either in a physical paper format or electronically.

**Filing and Receipt**

Paragraph (E) contains the provisions related to the filing and receipt of legal papers. The Committee struggled with the question of what constitutes the actual "filing" of a document submitted electronically. This arose in the context of how a filing that is incorrect for some reason, such as improper docket number, would be handled. The main problem arises from the way documents are placed into the PACFile system. A user will submit a document by uploading it onto the system website. The filing office

will receive notice that this has occurred.  The filing office must then affirmatively accept the document to be considered filed on the PACFile system.  Depending on how busy the filing office is, there may be some delay between having the document uploaded onto the system and then accepted as filed.  In addition, there may be occasions when a filing might be rejected or sent back to the filer for correction, for example, when it is uploaded to an incorrect docket or the required filing fees have not been paid by a non-indigent defendant.

The Committee noted that even in traditional paper filings, there may be occasions when a document is not accepted immediately for filing for similar reasons. In current practice, this is not a large problem because the document is date-stamped upon presentation at the clerk of courts' office, problems can be corrected quickly or, if not, the time and date of presentation can be used as the time of filing once any dispute regarding the document has been resolved.

The Committee concluded that a similar process could be applied to electronic filing.  The electronic filing system will record the time that a document is submitted as well as the time when the document is accepted by the filing office.  Notice may be sent to parties selected by the filer when the document is submitted.  Notice also may be served on selected parties when the document has been accepted.  Therefore, the definition for "filing," contained in paragraph (E)(5), states that filing occurs when the acceptance is made but that once accepted, the time and date of filing shall relate back to the time of submission.  However, if the legal paper does not meet the requirements for filing, such as not having the correct docket number or not having paid the applicable filing fee, the filing may be rejected in the same manner in which a physical paper filing may be rejected.  In this situation, the time and date of original submission still would be recorded in case there is a dispute regarding whether the document should have been accepted upon submission.

**Signatures**

The Committee generally agreed with the allowance of electronic signatures as being sufficient for the filing of most legal papers. Included in paragraph (F)(2) is a provision for motions and answers that specifically states that an electronic filing

containing an electronic signature constitutes the certification required under Rule 576 that the filer "has read the document and to the best of their knowledge, information and belief, there is good ground to support the motion or answer, and that it is not interposed for delay."

A concern was raised regarding motions filed pursuant to Rule 575(A)(2)(g) that aver facts not of record. These motions must be supported by a sworn affidavit averring the facts presented. Given potential consequences for the fraudulent filing of such documents, the Committee concluded that the best way for them to be handled would be by requiring the physical document to be prepared and signed and then scanned into the system for filing. The provision was included in paragraph (F)(3) and is intended to apply only to the motions filed pursuant to Rule 575(A)(2)(g).

**Service**

Paragraph (H) describes how service of electronically filed documents is achieved. The PACFile system provides notice to other parties to a case both when a document is submitted to the system and when the document is accepted. The document will be visible to the other parties to the case upon submission. Since the time of filing of a document, once accepted, will be from the time and date of submission, the notice that the document has been submitted will constitute service as required under Rules 114(B) and 576(B). Those parties or attorneys who are not participating in the system would be served in the traditional manner pursuant to Rules 114 and 576.

**Other Rule Changes**

Finally, several correlative changes have been made to other criminal rules. Rule 113 (Criminal Case File and Docket Entries) has been amended to permit a "paperless" case file in those counties that permit electronic filing. Additionally, Rule 114 (Orders and Court Notices: Filing; Service; and Docket Entries) has been amended to recognize electronic service of court orders and notices for those parties who are participating in the electronic filing system. Rule 576 (Filing and Service by Parties) recognizes electronic filing pursuant to Rule 576.1.